﻿Citation Nr: AXXXXXXXX
Decision Date: 02/28/20 Archive Date: 02/28/20

DOCKET NO. 190502-8831
DATE: February 28, 2020

ORDER

Entitlement to service connection for penile cancer, to include removal of the left groin is denied.

FINDING OF FACT

The preponderance of the evidence is against a finding that the Veteran’s penile cancer to include removal of left groin, began during active service, was manifest to a compensable degree within one year of service separation, or is otherwise related to an in-service injury or disease.

CONCLUSION OF LAW

The criterion for service connection of penile cancer have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303. 3.307, 3.309. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served honorably during the Vietnam Era in the U. S. Airforce from May 1971 to May 1975. See DD 214.

On August 23, 2017, the President signed into law the Veteran’s Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs (VA) decision on their claim to seek review. On September 2018, the Veteran elected to participate in the Higher-Level Review of the Rapid Appeals Modernization Program (RAMP) under AMA. In March 2019, the RO issued a rating decision. In May 2019, the Veteran filed a Notice of Disagreement (NOD). 

Service Connection

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may be established for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that disease was incurred in service. 38 C.F.R. § 3.303(d).

Service connection is granted on a direct basis when there is competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004). In Gilbert v. Derwinski,1 Vet. App. 49, 53 (1990), the Court stated that “a veteran need only demonstrate that there is an ‘approximate balance of positive and negative evidence’ in order to prevail.” To deny a claim on its merits, the preponderance of the evidence must be against the claim. See Alemany v. Brown, 9 Vet. App. 518, 519 (1996) (citing Gilbert, 1 Vet. App. at 54).

Additionally, for certain chronic diseases with potential onset during service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. If chronicity in service is not established, a showing of continuity of symptoms after discharge may support the claim. 38 C.F.R. §§ 3.303(b), 3.309; Walter v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

The threshold question in any claim seeking service connection is whether there is a current disability at any point during the appeal period. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). In the absence of proof of a current disability, service connection is not warranted. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

The criteria for entitlement service connection for penile cancer have not been met. 

The Veteran asserts that his service in the Republic of Vietnam during the Vietnam Era exposed him to Agent Orange which caused his penile cancer. 

On the matter of current disability, in December 2015, the Veteran was diagnosed with penile cancer. In January 2016 the Veteran had a partial penectomy followed by a complete penectomy in February 2016, completely removing a left groin lymph node. As such, the medical evidence of record shows that the Veteran currently has a disability characterized as penile cancer, to include removal of the left groin. 

Second, the Board finds that the preponderance of the evidence is against in-service incurrence or aggravation of an injury or disease. On review of the record, the Veteran’s penile cancer was neither noted during service nor within the first post-service year. The Veteran’s service treatment records are silent to any reference related to penile cancer or to the left groin. The record evidences that the Veteran’s penile cancer diagnosis was rendered more than forty years following his military service. Thus, the Board finds that the most probative evidence establishes that the Veteran’s penile cancer was not present during active service or within the first post-service year. 

Further, VA does not consider penile cancer, to include removal of a left groin node to have a positive etiological nexus, or link to Agent Orange for VA purposes. A presumption of service connection for a particular disability based on exposure to Agent Orange does not attach, however, unless specifically so determined by the Secretary of VA. See Diseases Not Associated with Exposure to Certain Herbicide Agents, 67 Fed, Reg, 42600. The Secretary of VA “has determined that there is no positive association between exposure to herbicide agents and any other condition for which he has not specifically determined that a presumption of service connection is warranted.” Notice, 72 Fed. Reg. 32295-32407. 

In a January 2018 private opinion, the Veteran’s oncologist opined that the Veteran’s penile cancer should be considered a soft tissue sarcoma that could be expanded to Rhabdomyosarcoma. The Veteran’s oncologist explained that Rhabdomyosarcoma is a known cancer that is found in the urinary and reproductive organs (bladder, prostate gland, or any of the female organs). The private oncologist further indicated that penile cancer is also referred to a sarcoma in which is known to develop from blood vessels, smooth muscle, or other connective tissue cells of the penis. The private oncologist opined that, based upon his professional medical opinion, a review of the Veteran’s medical records and references from the American Cancer Society, that it is at least likely than not that the Veteran’s penile cancer is a soft-tissue sarcoma. The Veteran’s private oncologist also submitted references from the American Cancer Society and the federal statutory requirements to meet service connection pursuant to 38 C.F.R. §§ 3.307 and 3.309 as attachments to his medical opinion.

In a February 2019 VA medical examination, the VA examiner explained that the Veteran’s VAMC biopsy reports showed “squamous cell carcinoma”, which is not a soft-tissue sarcoma or recognized typically as related to Agent Orange for VA purposes. The VA medical examiner explained, that for VA purposes, there is inadequate or insufficient evidence to render a medical association between Agent Orange and penile cancer. 

In February 2019, the VA medical examiner specifically explained, that for VA purposes, there is inadequate or insufficient evidence to render a medical association between Agent Orange and penile cancer. The Board finds the February 2019 VA medical examiner’s opinion most probative regarding causal nexus and consistent with the Secretary of VA’s determinations regarding the association between herbicide agents and medical conditions. 

Further, the January 2018 private opinion is outweighed by the more comprehensive and well-supported VA opinion and the Secretary of VA’s determinations. Hence, direct service connection and presumptive service connection cannot be granted. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303; see also Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004). 

The Board notes that in August 2018, the Veteran submitted a May 2010 Board decision to help support his current claim. However, Board decisions are not precedential and do not establish VA policies or interpretations of general applicability. See 38 C.F.R. § 20.1303. 

For the reasons stated above, the preponderance of the evidence is against finding the Veteran’s penile cancer, to include removal of left groin lymph node are either presumptively or otherwise directly related to service. The benefit of the doubt rule does not apply and the appeal in this matter must be denied. 

 

 

M. Mills

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Henderson, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.